UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE AIELLO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-1161(VLB) |
| STAMFORD HOSPITAL INC., | : | |
|     Defendant. | : | September 29, 2010 |

## MEMORANDUM OF DECISION AND ORDER GRANTING THE DEFENDANT'S [DOC. #15] MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The Defendant, Stamford Hospital, Inc., (hereinafter referred to as "Stamford Hospital"), moves to dismiss the Complaint filed by the Plaintiff, George Aiello ("Aiello") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. #15]. In this proceeding, arising out of Stamford Hospital's termination of Aiello's employment, Aiello asserts five causes of action: 1) violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e ("Title VII"); 2) violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. et. seq. ("ADEA"); 3) violation of the Connecticut Fair Employment Practices Act, Sections 46a-58(a) et. seq. of the Connecticut General Statutes ("CFEPA"); 4) negligent supervision pursuant to Connecticut common law; and 5) intentional infliction of emotional distress pursuant to Connecticut common law. [Doc. #1].

Stamford Hospital contends that Aiello "has failed to state any viable legal claims" and that his Complaint should be dismissed. [Doc. #16]. Aiello objects

1

to the motion and contends that he has asserted sufficient claims cognizable under law. Pursuant to the following analysis, the Defendant's motion to dismiss [Doc. #15] is GRANTED. This dismissal is without prejudice to the Plaintiff's right to file an amended complaint that is consistent with the reasoning of this memorandum of decision by October 14, 2010.

## I. Factual and Procedural Background

Aiello, a white male, is sixty-seven years of age, and was employed by Stamford Hospital as a Radiology Technician starting on May 20, 1988. Aiello alleges, generally, in his complaint that "[for] an extended period of time continuing to the date of his termination, the plaintiff has been subjected to an ongoing pattern of harassment, discrimination, retaliation and disparate treatment based upon his age and gender." Aiello complains that as he approached his sixty-fifth birthday, and upon turning sixty-five, Stamford Hospital campaigned to either terminate his employment or force his resignation through acts of discipline, starting in 2006 and continuing through his termination on May 14, 2008, that Aiello alleges were inappropriate and done "in a manner more severe" than for "similarly situated employees who [were] not of the plaintiff's age and/or gender." While Aiello specifies four dates on which he believes he was inappropriately disciplined, including the date of his termination, Aiello fails to describe the manner in which he was disciplined, how it was more severe than the discipline imposed upon employees not of his age or gender, and the age of those whose were disciplined less severely. Aiello contends that the Hospital

considered February 1, 2008 as the Plaintiff's "normal retirement" date, and that Aiello was then terminated on May 14, 2008, six days short of having been employed by the Defendant for twenty years.  Stamford Hospital subsequently hired a new employee younger than the Plaintiff, but how much younger Aiello fails to state, nor does he indicate whether this employee was hired to replace him or fill the vacancy that his termination created.

On July 21, 2009, the Plaintiff filed a complaint against the Defendant in this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  [Doc #1]. Stamford Hospital now moves to dismiss the Complaint, in its entirety.  [Doc. #15].

## II. Standard of Law

The United States Supreme Court recently reexamined the standard governing a motion to dismiss, made pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 1949.  While Rule 8 does not require detailed factual allegations,

> [a] pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows

> the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. (internal citations omitted).

In evaluating a motion to dismiss, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Id. (quoting Iqbal, 129 S.Ct. at 1950). "At the second step, a court should determine whether the [remaining] 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 129 S.Ct. at 1950).

### III. Analysis

#### A. Complaint's Reference to § 1983 and the Connecticut State Constitution

As a preliminary matter, the Court notes that Aiello's complaint states that "jurisdiction is invoked under the provisions of [inter alia] Sections 1983 and 1988 of Title 42 of the United States Code." [Doc. #1]. In addition, Aiello contends that he was terminated "in contravention of the Constitution and laws of the United States and the Constitution and laws of the State of Connecticut." Aiello, however, fails to state allegations relating to such claims. Instead, Aiello only alleges facts that are pertinent to his claims under Title VII, the ADEA, CFEPA, and Connecticut common-law. Further, the Plaintiff fails to allege that Stamford Hospital acted "under the color of any [state] statute, ordinance, regulation, custom, or usage" as required by § 1983, and also fails to allege or

4

plead facts from which one might infer that Stamford Hospital is a state entity as opposed to a private institution.  Thus, to the extent that the Plaintiff attempts to assert § 1983 and state constitutional claims, those claims are dismissed for failure to state a claim pursuant to rule 12(b)(6).  See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 294 (2001).

### B. The Plaintiff's First Count, Violation of Title VII

Stamford Hospital asserts that Aiello's Title VII gender discrimination claims should be dismissed because: 1) they are untimely with regard to acts of discipline that are alleged to have occurred in March 2006 and November 2007; 2) they fail to meet the Iqbal pleading standard; and 3) Aiello fails to allege that he engaged in any protected activity as required to support a retaliation claim.  [Doc. #16].

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. New York City Housing Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing 42 U.S.C. § 2000e-5).  Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002).  The Defendant has filed a copy of Aiello's Connecticut Commission on Human Rights Opportunities ("CHRO") complaint, which is incorporated into Aiello's complaint by reference in paragraph nineteen of his complaint [Docs. ##1, 16].  Aiello's CHRO complaint was filed on November 17, 2008, therefore precluding, to the extent that Aiello seeks, recovery specifically for the discrete

acts of discipline that Aiello alleges occurred in March 2006 and November 2007. [Doc. #16].

While the Plaintiff alleges an "ongoing pattern of harassment, discrimination, retaliation and disparate treatment," [Doc. #1], the Supreme Court, in National Railroad, clarified "what types of discriminatory acts amount to a pattern or policy that triggers the continuing violation doctrine." Staff v. Pall Corp., 233 F. Supp. 2d 516, 526 (S.D.N.Y. 2002). In National Railroad, the Supreme Court assessed whether a plaintiff's claims were based on discrete acts, or instead amounted to an allegation of a hostile work environment. While Title VII bars recovery for discrete acts of discrimination that occur outside the relevant statutory period:

> [C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an *act* contributing to that hostile environment takes place within the statutory time period.

National Railrod, 536 U.S. at 105. The Supreme Court provided a clear definition of what constitutes a "discrete act":

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." [A plaintiff] can only file a charge to cover discrete acts that "occurred" within the appropriate time period . . . Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. The "unlawful employment practice" therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. Such claims are based on the cumulative effect of individual acts.

**Id**. 536 U.S. at 114-15 (internal citations omitted).

To the extent the Plaintiff alleges a cause of action pursuant to Title VII, the Plaintiff alleges discrete acts as opposed to repeated conduct, as he identifies specific dates upon which he believes he was inappropriately disciplined. Accordingly, any claims of discrete acts of discrimination outside the statutory period, including the discipline that allegedly occurred in March 2006 and November 2007, are barred as untimely.

The Court also finds that the Plaintiff's allegations fail to meet the **Iqbal** pleading standard. To establish a disparate treatment claim under Title VII, a plaintiff may meet its burden of proof by demonstrating "(1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) the ultimate filling of the position with an individual who is not a member of the protected class [or] [a]lternatively, [through demonstration] that the discharge or adverse employment action occurred under circumstances giving rise to an inference of discrimination on the basis of plaintiff's membership in that class." **Farias v. Instructional Sys., Inc.**, 259 F.3d 91, 98 (2d Cir. 2001) (internal citation omitted). With regard to a sexual harassment claim based on a hostile work environment, a plaintiff must establish "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment, and (2) that a specific basis exists for imputing the conduct that created the hostile environment to the employer." **Petrosino v. Bell Atlantic**, 385 F.3d 210, 221 (2d Cir. 2004) (internal citations and quotations

omitted).  Lastly, a prima facie case for retaliatory discharge in violation of Title VII requires proof that "(1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action."  Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir. 1998).

The Plaintiff's disparate treatment claim fails to survive Iqbal pleading requirements as he fails to allege, beyond conclusory language, facts demonstrating how he suffered adverse employment decisions or how actions occurred under circumstances giving rise to an inference of discrimination based on his membership in his protected class.  Instead, Aiello states, absent supporting factual detail, that he was "inappropriately disciplined, in a manner more severe than similarly situated employees who are not of the plaintiff's [gender]."  Further, Aiello does not allege that he was replaced by a person who was not male.  Therefore, after removing allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth[,]" Hayden, 594 F.3d at 161, the Court concludes that the remaining well-pleaded allegations fail to give rise to an entitlement to relief.

The Court similarly finds that Aiello's complaint fails to give rise to entitlement to relief for a hostile work environment claim because the complaint fails to allege, in a non-conclusory fashion, facts establishing discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his work environment.  Lastly, Aiello's claim for retaliatory discharge must also fail

as he does not allege that he engaged in protected activity, and as a result there is no allegation that Stamford Hospital was aware of any engagement, by him, in protected activity. The Plaintiff's claims made pursuant to Title VII are therefore dismissed in accordance with Rule 12(b)(6).

### C. The Plaintiff's Second Count, Violation of the ADEA

As with the Plaintiff's Title VII claims, Stamford Hospital asserts that Aiello's ADEA claims should be dismissed because: 1) they are untimely with regard to acts of discipline that are alleged to have occurred in March 2006, and November 2007; 2) they fail to meet the Iqbal pleading standard; and 3) Aiello fails to allege that he engaged in any protected activity as required to support a retaliation claim. Pursuant to the foregoing analysis that applied to Aiello's Title VII claim, the Court finds that: 1) any ADEA claims of discrete acts of discrimination outside the statutory period, including the acts of discipline that allegedly occurred in March 2006 and November 2007, are barred as untimely; and 2) Aiello's claim for retaliatory discharge pursuant to the ADEA must also fail as he does not allege that he engaged in protected activity, and as a result there is no allegation that Stamford Hospital was aware of any engagement, by him, in protected activity.

Aiello's disparate treatment claim pursuant to the ADEA requires him to show that "(1) [he] is a member of a protected class; (2) [his] job performance was satisfactory; (3) [he] suffered [an] adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006). Aiello's disparate treatment

claim is more supported than his analogous claim for relief pursuant to Title VII due to facts indicating the length of his employment with Stamford Hospital, indication that Stamford Hospital had a "normal retirement" date in mind for Aiello, and the fact that the Defendant subsequently hired a younger person. The Second Circuit has noted that:

> Although an inference of discrimination cannot be based on a plaintiff's replacement by another person who is only slightly younger, we have held that the replacement of an employee within the protected class by two others, one 11 years younger and the other eight months younger, satisfied the fourth element of a prima facie case under the ADEA. A difference of eight years between the age of the person discharged and his replacement, as in the instant case is not insignificant.

Tarshis v. Riese Org., 211 F.3d 30, 38 (2d Cir. 2000) (internal citations omitted), abrogated on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506, (2002); see also Pleau v. Centrix, Inc., No. 2008 WL 4380515, at *5 (D. Conn. Sept. 24, 2008) (holding that "a twelve year age difference certainly suffices as a substantial discrepancy in age to raise an inference of discrimination"). While more supported than his Title VII claim, Aiello's ADEA claim also fails to meet Iqbal's pleading requirements as it reflects "naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1939. While close, Aiello's claim, which is centered upon the naked assertion that the Plaintiff had a "normal retirement date," fails to satisfy Iqbal's plausibility requirement. In addition, based upon the allegations of Aiello's complaint, it is unclear how much younger than Aiello the new employee hired by Stamford Hospital was, or whether this employee was in fact hired to replace him or fill the vacancy that his termination

created. Accordingly, Aiello's ADEA disparate treatment claim is also dismissed pursuant to Rule 12(b)(6).

### D. The Plaintiff's Third Count, Violation of the CFEPA

Aiello acknowledges that "[t]he Connecticut Supreme Court looks to federal precedent when interpreting and enforcing the CFEPA," Williams v. Quebecor World Infiniti Graphics, 456 F. Supp. 2d 372, 383 (D. Conn. 2006), and that analysis of his claims under the CFEPA and under Title VII and the ADEA is the same. [Doc. #16]. Accordingly, the Plaintiff's claims made pursuant to the CFEPA are also dismissed pursuant to the foregoing analysis of Aiello's claims pursuant to Title VII and the ADEA.

### E. The Plaintiff's Fourth Count, Negligent Supervision

Aiello acknowledges that under Connecticut common law, to support a negligent supervision claim, "a plaintiff must plead and prove that he suffered an injury due to the defendant's failure to supervise an employee whom the defendant had a duty to supervise," Abate v. Circuit-Wise, Inc., 130 F. Supp. 2d 341, 344 (D. Conn. 2001), and that "[a] defendant does not owe a duty of care to protect a plaintiff from another employee's tortious acts unless the defendant knew or reasonably should have known of the employee's propensity to engage in that type of tortious conduct." Id. In the Plaintiff's fourth count, he alleges, in a conclusive fashion, that the

> defendant inter alia, failed, refused or neglected to supervise, train, instruct, monitor, adequately screen, hire, or otherwise direct its agents, officers or employees regarding the plaintiff; to protect the plaintiff from the negligent, reckless, intentional or tortious acts of its agents, officers or employees; and by and through other acts and

11

> omissions failed, refused or neglected to fulfill its duties to the
> plaintiff.

[Doc. #1]. Once again, the Plaintiff fails to meet <u>Iqbal</u>'s pleading requirements and clearly engages in the formulaic recitation of the elements of a cause of action that <u>Iqbal</u> prohibits. <u>Iqbal</u>, 129 S. Ct. at 1949. Further, Aiello fails to offer any facts demonstrating that Stamford Hospital knew, or had any reason to know, that any of its employees had a propensity to engage in tortious conduct, or even that a particular employee was engaging in tortious behavior. Accordingly, this claim is also dismissed pursuant to Rule 12(b)(6).

### F. <u>The Plaintiff's Fifth Count, Intentional Infliction of Emotional Distress</u>

To prevail on an intentional infliction of emotional distress claim, the Plaintiff must establish: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of [the actor's] conduct; (2) that the defendant's conduct was extreme and outrageous; (3) that the [defendant's] conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe." <u>Petyan v. Ellis</u>, 200 Conn. 243, 253 (1986). To meet the "extreme and outrageous" standard, a defendant's conduct must exceed "all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." <u>Id</u>. at 254 n.5.

In support of his intentional infliction of emotional distress claim, Aiello merely pleads that "The actions of defendant were extreme and outrageous[;]" "The actions of the defendant were intentional and malicious[;]" and "The defendant knew that the actions described herein were likely to cause severe

12

emotional distress, and did cause severe emotional distress." [Doc. #1]. Aiello's complaint is woefully inadequate to establish a claim of intentional infliction of emotional distress in light of the <u>Iqbal</u> standard, as it relies entirely upon labels and conclusions. The Plaintiff's claim is therefore dismissed pursuant to Rule 12(b)(6).

### IV. <u>Conclusion</u>

The Defendant's [Doc. #15] Motion to Dismiss is therefore granted pursuant to the foregoing analysis as to all the Plaintiff's claims, without prejudice to the filing of an amended complaint that contains sufficient factual pleadings consistent with the reasoning of <u>Iqbal</u> and <u>Hayden</u> as articulated above. This case will be closed if an amended complaint is not filed by October 14, 2010.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: September 29, 2010.